**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>vs.<br><br>Mark Anthony Slaughter, a/k/a Nick,<br><br>        Defendant. | Case No. 1:20-cr-00068 |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

[¶1] THIS MATTER comes before the Court on a Motion to Reduce Sentence filed by the Defendant Mark Anthony Slaughter ("Slaughter") on March 12, 2024. Doc. No. 1709. The Federal Public Defender's Office was appointed to represent Slaughter. Defense Counsel filed a Notice of Intent Not to Supplement Slaughter's Motion on March 15, 2024. Doc. No. 1710. The United States filed a Response on April 9, 2024. Doc. No. 1738. Slaughter did not file a Reply. For the reasons set forth below, the Motion is **DENIED**.

[¶2] Slaughter seeks a reduction of his sentence based upon Amendment 821 to the United States Sentencing Guidelines which went into effect on November 1, 2023. Pursuant to 18 U.S.C. § 3582(c)(2), a defendant may seek a sentence reduction if he has "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]"

[¶3] In Part A to Amendment 821, the United States Sentencing Commission made changes to the "status points" provision which are criminal history points added when the defendant committed the instant offense while under another criminal justice sentence. However, Slaughter was never assessed any status points under USSG § 4A1.1. See Doc. No. 1411, ¶¶ 37-38.

Therefore, Part A to Amendment 821 would not affect Slaughter's criminal history category and his guideline range remains the same.

[¶4]    In Part B, Subpart 1 to Amendment 821, the Sentencing Commission created a two-level reduction in the total offense level for defendants receiving zero criminal history points and whose offense did not involve certain criteria. Ordinarily, this change would apply the Slaughter because he received zero criminal history points. Doc. No. 1411, ¶¶ 37-38. The two-level reduction would result in a total offense level of 25, criminal history category of I, and an amended guideline range of 57 to 71 months.

[¶5]    However, a sentence reduction is inconsistent with the Policy Statement (U.S.S.G. § 1B1.10) because Slaughter's original sentence of 54 months is below the amended guideline range, and he did not provide substantial assistance. See U.S.S.G. § 1B1.10(b)(2)(A) ("[e]xcept as provided in subdivision (B) [related to substantial assistance], the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection."). Accordingly, a sentence reduction based on Part B of Amendment 821 is unavailable to Slaughter.

[¶6]    For the foregoing reasons, Slaughter is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). Accordingly, Slaughter's Motion (Doc. No. 1709) is **DENIED**.

[¶7]    **IT IS SO ORDERED.**

DATED April 23, 2024.

Daniel M. Traynor, District Judge
United States District Court

- 2 -